In The United States District Court, For The Northern District of Texas: Fort Worth Division



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 7 2003
CLERK, U.S. DISTRICT COURT
By _____ Deputy

Exparte,
   Jackie Allen Curtis
       Applicant/pro-se,

Cause NO. 0015,177G

Criminal District Court NO.3 of Tarrant County, Texas:

4-03CV-0757-A

Memorandum of Law In Support of Application For Writ of Habeas Corpus.

To The Honorable Judge of Said Court:

    Now Comes, Jackie Allen Curtis, application pro-se, respectfully, for writ of habeas corpus in the above numbered and titled cause, and files this, his Memorandum of Law in Support of Application of Habeas Corpus, and would respectfully show the court as follows:

I.

Applicant is being illegally restrained in his liberty in the Texas Department of Criminal Justice Institutional Division, pursuant to conviction and sentence in the stated Cause Number from Criminal District Court NO.3, Tarrant County, Texas. For the Offense of Agg. Rape & Repetition enhanced, punishment was assessed at 99 ninety-nine years in state prison.

II.
### Allegation

T.D.C.J.-ID." is denying applicant's protected liberty interest in Mandatory Supervision release, contrary and in conflict with the due due process clause of the fourteenth Amendment to the united states Constitution, and due course of law, Article 1, Section 19, of the Texas Constitution.

## Argument

Applicant is a 65th Legislature inmate because of the date his offense and the parole/mandatory supervision release scheme applicable to the offense:T.C.C.P. Art.42.12 Sec.15(b)(c)Vernon's 1977.
In the 65th legislature regular session,with Senate Bill NO.152,pertaining to"prisoners Supervision and Release,"Chapter 347,entitled Section 1,Article 42.12 Et Seq.Code of Criminal Procedures(1977).
(see Hearings on S.B.152 before the Senate Jurisprudence Committe,65th leg. (Feb.15,1977 Archived at Office of Senate Staff Services),and specifically as it applies to Art.42.12 Sec.15(c)and the mandatory Supervision release for prisoners serving more than 60 years,or life,a question of"intent" and "purpose" becomes pivotal,generally,the intent and purpose of the senate is spelled out in there face,which in pertinent part reads as follows:

> "It is the intent of this article to aid all prisoners to readjust to society upon completion of their period of incarceration <u>by providing a program of mandatory supervision for those prisoners not released on parole</u> or through executive clemency and to designate the board of pardons and parole as the agency of government responsible for the program.It is the final purpose of this article to remove from existing statutes the limitations.other than questions of constitution ality,that have acted as barriers to effective system of probation and paroles in the public interest.(Emphasis Added.)

There are Two ways in which a prisoner become eligible for release under Texas Law:The First is by parole,and the Second is under a Mandatory Super -vision Program.<u>Madison V.Parker</u>,104 F.3d 765,768(5th Cir.1977)<u>Malichi V. Thaler</u>,211 F.3d 953,957(5th Cir.2000)<u>Espinosa V.State</u>,29 S.W.3d 257,260-261 (Tex.App.Houston 14th Dist.2000)<u>Felan V.State</u>;44 S.W.3d 249,257(Tex.App.Ft. Worth 2001)<u>Govan V.Johnson</u>,Civil Action NO.1:97-CV-241-C(U.S.Dist.Court- Northern District,Abilene Division)

> "parole shall mean the release of a prisoner from imprisonment, but not from the legal custody of the state for rehabilitation outside the prison walls under such conditions and provisions for disciplinary supervision as the Board of Pardons and Paroles may determine.Parole shall not be construed to mean a commutation of sentence or any other form of executive clemency.

Texas Code of Criminal Procedure, Art.42.12 Sec.2(c)(Vernon's 1977) Acts 1976, 65th Leg. Page 926, ch.347, Sec.2(c).

"Mandatory Supervision" shall mean the release of a prisoner from imprisonment, but not on parole and not from legal custody of the state, for rehabilitation outside of prison walls under such conditions and provisions for disciplinary supervision as the Board of Pardons and paroles may determine. Mandatory Supervision may not be construed as a comm-utation of sentence or any other form of executive clemency.

Texas Code of Criminal Procedure, Art.42.12 Sec.2(d)(Vernon's 1977):Acts 1976 65th Leg.P.926, Ch 347, Sec.2(d).

<u>Applicant's Eligibility for mandatory supervision release is determined by the statute in effect at the time of his offense,</u> Exparte, Hall, 995 S.W.2d 151, 152(Tex.Cr.App.1999)Exparte,Yates, 659 S.W.2d 840,841(Tex.Cr.App. 1983)The Statute governing applicant's offense is T.C.C.P.Art.42.12,Sec.15(c)Vernon's 1977).

(c)A prisoner who is not on parole except a person under sentence of death, shall be released to mandatory supervision by order of the board when the calendar time he has served plus accured good conduct time equal the maxium term to which he was sentenced. A prisoner released to mandatory supervision shall, upon release, be deemed as if released on parole, to the extent practicable, arrangement for the prisoner's proper employment, maintance and care shall be made prior to his release to mandatory supervision. The period equivalent to the maxium term for which the prisoner was sentenced less calendar time actually served on the sentence. the time served on mandatory supervision is calculated as calendar time. Every prisoner while on mandatory supervision shall remain in the legal custody of the institution from which he was released but shall be amenable to orders of the board. see also:Acts 1977, 65th.leg.pg.926,ch.347,sec.2(d).

According to strict reading of the statute, there can be no argument as to whether a person serving life qualifies for release on mandatory supervision. A prisoner serving a sentence of life is(1)" A prisoner," as defined by statute, and(2)is not excluded by the"Except under the sentence of death Clause." The explicit mandatory language of the statute,i.e."shall" creates a Substantive predicate that requires a strict application which in turn would create a vested

3.

liberty interest for those

Because the Texas statute parallels the provisions of a Nebraska Law interpreted by the united states supreme court in Wolff V. McDonnell, 418 U.S. 535, 557, 94 S.Ct. 2963, 2975, 421 L.Ed. 2d 935(1974) in Two ways; Both states have statutes which beston mandatory sentence reductions for good behavior and both states have statutes which allow for revocation of good conduct credit misbehavior(see Madison Supra, at 768,769)The Fifth Circuit court of Appeals in Malachi, affirmatively resolved any question of a constit -utional expectation of early release created by Texas Mandatory Supervision scheme in place prior to Sept. 1, 1996. Malachi, Supra, at 957-958. As applicant case is pre September 1990. He has a legitimate expectation of early release to mandatory supervision release as he does not fall within either specified statutory category of exclusion enumerated in T.C.C.P.Art.42.12 Sec.15(c) Vernon's 1977):

1.) Applicant's is not "on parole"(T.C.C.P.Art.42.12,Sec.15(c). Clause 1,(Vernon's 1977):And

2.) Applicant is Not "under sentence of death." (T.C.C.P.Art.42.12, Sec.15(c), Clause 2, Vernon's 1977)

The U.S. Constitution and the Texas Constitution does not, guaranteed good time credits for satisfactory behavior while in prison. Malachi, Supra, at 959. Madison, Supra, at 768(Quoting Wolff, Supra) Exparte, Henderson, 645 S.W.2d 469,472 (Tex.Cr.App.1983)However, when Texas created the right of good time credit(see Texas revised Civil Statute.Art.6181-1,Sec.Et.Seq.(Vernon's 1977)and recognizes that its revocation is authorized sanction for misconduct(see Texas Revised Civil Statute,Art.6181-1,Sec.4(Vernon's 1977)applicant's interest is embraced within the Fourteenth Amendment "Liberty" concerns so as to entitle him to those minium procedures required by due process clause to insure that this state -created right is not arbitrarily abrogated.

Malachi, Supra, at 959, Madison, Supra, at 769(Quoting Wolff, supra, Exparte, Henderson, Supra, at 472.

Govan V. Johnson, Supra,

If applicant commits an offense or violates an institutional rule during the course of his confinement, the director of the Texas Department of Criminal Justice, Institutional Division, is empowered to forfeit any part, or all of applicant's good-conduct time. In the instant Circumstance. Applicant has not lost any good conduct time credits due to disciplinary sanctions during the Twenty (20) calendar years of his incarceration and he is entitled to the full benefit and application of his earned good conduct time credits.

4.

i.e.initial parole/Mandatory Supervision Release Consideration.(see Texas
Revised Civil Statutes.Art.6181-1,Sec.4(Vernon's 1977(Exparte,Hallmark,883
S.W.2d 672,674(Tex.Cr.App.1994)Exparte,Henderson,Supra,at 471-472)
Life Sentences cannot be"Discharged"as such,except by death of the
inmate,Release from prison on a life sentence must be by parole or mandatory
Supervision release.(see Opinion of Attorney General,DM-104(1992)

   Eligibility for parole in the form of mandatory supervision,
as provided by Art.42.12,Sec.15(c)Supra,occurs once the inmate's calendar
time credits and good conduct credit equals the number of years the inmate
was sentenced to serve.Exparte,Morris,626 S.W.2d 754,756(Tex.Cr.App.1982).
"In calculating the precentage of a sentence that an inmate has served the
parole board consideration/or considers a sentence 61-99 years life to be a
sentence of 60 years."Texas Sentencing,Third ed.By Ken Anderson and John Brady.
Lexis Law Publishing,Parker Publications Div.(1998)Pg.205,Sec.8.1
Texas Code of Criminal Procedure,Art.42.12 Sec.15(c)Vernon's 1977)requires
that Applicant:

> "shall be released to mandatory supervision by order of the
> board when the calendar time he has served plus any accrued
> good conduct time equals the maxium term to which he was sentenced.
> "Maxium Term" is Legislatively defined at Tex.Revised Civil Statutes
> Art.6181-01,Sec.1(4)Vernon's 1977.(4)Term"means the maxium term of
> confinement in the Texas Department of Corrections stated in the
> sentence of the court.

Sixty years is the minium term that must be assessed in order to achieve
the maxium delay in parole eligibility.Harding V.State;790   S.W.2d 638,640
(Tex.Cr.App.1990)see also Smallwood V.State;827 S.W.2d 34,39(Tex.App.Huston
1st Dist.1992)Judge O'Connor dissenting:In Texas,60 years is the life sentence,
the maxium the state can incarcerate a person".
A person released to mandatory supervision shall,upon release,be deemed as
if released on parole.T.C.C.P.Art.42.12 Sec.15(c) Second Sentence(Vernon's
1977).The formula for determining eligibility or "releasing on parole" for an
Arrgavated offense(T.C.C.P.Art.42.12 Sec.3f(Vernon's 1977)is:
He is not eligible for release on parole until his actual calendar time served,
without consideration of good time conduct time,equals one third of the maxium
sentence of 20 calendar years whichever is less....T.C.C.P.Art.42.12 Sec.15
(g).Vernon's 1977)

5.

As 20 calendar years is one-third of 60, or the maxium delay in parole eligibility, once applicant has served a minimum of 20 years and his flat time and good time credits equal 60 years, he should be released to mandatory Supervision. A Statutory form of parole. Exparte, Morris, Supra, at 755, 756. Govan V. Johnson, Civil Action No. 1:97-CV-241-C (U.S. Dist. Court - Northern District Abilene Division) Applicant tenders his TDCJ-ID Time Sheet, which reflects flat time and good time credits in excess of 60 years as his Attach-ment # B. Applicant is eligible and should be released to mandatory supervision. otherwise, applicant is being denied the benefit and application of his earned good conduct and flat time credits without benefit of any process or course of law due him by the Fourteenth Amendment to the united states constitution. Art. 1, Sec. 1 of Texas Constitution; and contrary to the plain language of the Texas Code of Criminal Procedure. Art. 42.12 Sec. 15(c) (Vernon's 1977)

## Conclusion

Because applicant has earned flat time credits in excess of 20 calendar years, he has met the statutory requirements of Texas Code of Criminal Procedures Art. 42.12 Sec. 15(b) Vernon's 1977) because applicant is not under sentence of death, and not on parole, and his flat time and good conduct time are in excess of 60 years, the maxium delay in parole eligibility, he has met the statutory requirements and is eligible for immediate release to mandatory supervision, a statutory form of parole, Texas Code of Criminal Procedure, Art. 42. 12 Sec 15 (c)(vernon's 1977)

Wherefore, Premises Considered, the applicant prays that the court grant the relief he seeks, as required by T.C.C.P. Art. 42.12 Sec. 15(b)(c) and to enter an order for immediate release of applicant to Mandatory Supervision.

*Jackie allen Curtis*
Applicant
P.O. Box 16
Lovelady, Texas, 75851

6.

## Verification

Pursuant to Texas Civil Practice and Remedies Code, Chapter 132, Section 132.004 et.seq. Declarent makes the following declaration under full penalty of perjury.

My Name is _Jackie allen Curtis_ I am currently confined in the Texas Department of Criminal Justice-Institutional Division, at the _Eastham_ Unit. My prison Number is _# 289853_

I am the applicant in the application for writ of habeas corpus and attached memorandum of law in support. I herein avers that all statements of facts and allegations are both true and correct to the best of my knowledge, information and ability.

Executed, this _1st_ day of _July_, 2003.

Respectfully,

_Jackie allen Curtis_
Applicant/pro-se:
Box 16
Lovelady, Texas, 75851

Respectfully,
_Jackie allen Curtis_